IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3044-BO

| | | |
|---|---|---|
| BRICE C. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CARLTON JOYNER, S.B. WADDELL, | ) | |
| MONICA BOND, DONNIE R. | ) | |
| RAYNOR, BRENT SOUCIER, J. | ) | |
| BURKHART, CORRECTIONAL | ) | |
| OFFICER ZODORI, C. RICE, D. | ) | |
| DAWKINS, RODNEY COFFIN, | ) | |
| CAPTAIN PANTER, GEORGE T. | ) | |
| SOLOMON, KESHA JONES, IJEOMA | ) | |
| SONNY-ECHENDU, LESHAUN | ) | |
| BRANCH and LISA EMORY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter now comes before the court on plaintiff's pleading captioned "Order on Scheduling" (DE 43) and motion for an extension of time to file dispositive motions (DE 44). Also before the court is defendants' motion for a protective order (DE 45).

The court begins with plaintiff's pleading captioned "Order on Scheduling." In this pleading, plaintiff states that he does not have the ability "to understand what is being said" in the court's July 10, 2018, scheduling order. The July 10, 2018, scheduling order simply provides that all dispositive motions must be filed by October 8, 2018. (See (DE 40)). Plaintiff appears to have an understanding of this because he subsequently requested an extension of the October 8, 2018,

dispositive motion deadline. (See (DE 44)). Based upon the foregoing, plaintiff's motion is DENIED.

The court next turns to plaintiff's motion for an extension of the October 8, 2018, dispositive motion deadline. For good cause shown, plaintiff's motion is GRANTED. The dispositive motion deadline now is **January 2, 2019**. To the extent plaintiff's motion also contains new allegations arising out of his incarceration at Marion Correctional Institution ("Marion"), he may not bring claims related to such allegations in this action. Specifically, Marion is located within the jurisdiction of the Western District of North Carolina, and plaintiff must bring any claims arising at Marion in the Western District of North Carolina where venue is proper. See 28 U.S.C. § 1391(b); 28 U.S.C. § 1406(a).

Finally, the court addresses defendants' motion for a protective order. On August 7, 2017, the court appointed North Carolina Prisoner Legal Services ("NCPLS") to conduct discovery on plaintiff's behalf and to obtain the correct identities of the John Doe defendants. Defendants, in their motion for a protective order, state that plaintiff served discovery requests on them in January 2018. ((DE 46), p. 4). Defendants also suggest that the only discovery requests NCPLS made on behalf of plaintiff related to the discovery of the identity of the John Doe defendants. (Id. p. 2). Because it appears that NCPLS did not conduct discovery related to the merits of plaintiff's action, the court again APPOINTS NCPLS to assist plaintiff with any additional discovery in accordance with 17-SO-3. Based upon the foregoing, defendants' motion for a protective order is DENIED.

In summary, the court ORDERS as follows:

    (1)    Plaintiff's motion for clarification (DE 43) is DENIED;

(2) Plaintiff's motion for an extension of the dispositive motion deadline (DE 44) is GRANTED, and the dispositive motion deadline now is **January 2, 2019;**

(3) Defendants' motion for a protective order (DE 45) is DENIED. The court appoints NCPLS to conduct discovery on plaintiff's behalf in accordance with 17-SO-3. NCPLS has 60 days to conduct discovery on behalf of plaintiff.

SO ORDERED, this the 17 day of September, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge